UNITED STATES of America,
Plaintiff,

v.

Michael J. TOMASINO, Defendant.

No. 98 CR 956.

United States District Court,
N.D. Illinois,
Eastern Division.

June 17, 1999.

Sergio Fidel Rodriguez, Federal Defender Program, Chicago, IL, for defendant.

Mark R. Filip, U.S. Atty's Office, Chicago, IL, for U.S.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On January 7, 1999, defendant Michael J. Tomasino pled guilty to mail fraud in violation of 18 U.S.C. § 1341. The government and the probation officer have both recommended a four-level enhancement under 2F1.1(b)(7)(B) ("the subsection B enhancement") of the United States Sentencing Guidelines ("the Guidelines"). Under 2F1.1(b)(7), a defendant should receive an enhancement if the offense: "(A) substantially jeopardized the safety and soundness of a financial institution; or (B) affected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense." The parties agree that the subsection A enhancement does not apply to the instant case. Defendant argues that the subsection B enhancement likewise does not apply, because the employee pension fund he defrauded does not qualify as a "financial institution" under that enhancement.

Section 2507 of the Crime Control Act of 1990 authorizes the Sentencing Commission ("Commission") to "promulgate guidelines, or amend existing guidelines, to provide that a defendant convicted of violating ... section 1341 or 1343 affecting a financial institution (as defined in section 20 of title 18 of the United States Code)" shall receive a sentencing enhancement. The Seventh Circuit has unambiguously held: "[T]he term 'financial institution' in [§ 2507] is limited to those institutions listed in 18 U.S.C. § 20 and so does not include pension funds...." *United States v. Lauer,* 148 F.3d, 766, 769 (7th Cir.1998). The Commission promulgated the subsection B enhancement in response to § 2507 of the Crime Control Act. The plain language of § 2507 suggests that a pension fund is not a "financial institution" for the purposes of the subsection B enhancement.

The Seventh Circuit has suggested, however, that the Commission not only has the "power and the duty ... to interpret spe-

cific provisions of federal statutes regulating criminal punishment," *id.*, but also has the discretion "to legislat[e] a broader prohibition than Congress's." *Id.* at 770. This court must therefore examine whether the Commission intended the subsection B enhancement to apply to pension funds even though Congress did not include pension funds as financial institutions covered by the Crime Control Act.

Application Note 15 to Guideline 2F1.1(b)(7) ("former Note 14")[1] defines the phrase financial institution to include "employee pension funds." The government argues that former Note 14 applies to both subsections A and B, and that a pension fund is therefore a financial institution under the subsection B enhancement. Former Note 14 appeared soon after the Commission promulgated Guideline 2F1.1(b)(7)(A) ("the subsection A enhancement"). Although the subsection A enhancement was promulgated in response to § 961(m) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") former Note 14's definition of "financial institution" is more expansive than FIRREA's. *See* former Note 14 (defining financial institution as "any similar entity, *whether or not insured by the federal government* ...") (emphasis added); *see also Lauer,* 148 F.3d at 770 ("FERREA is narrowly and specifically limited to federally insured institutions; the application note is not."). The Commission expressly acknowledges the difference between the application note and the statute. In the background commentary to Guideline 2F1.1, the Commission explains that the subsection A enhancement "implements, in a broader form, the instruction to the Commission in [FIRREA] Section 961(m)." According to the Seventh Circuit, this statement demonstrates that "the Commission ... knew it was legislating." *Id.* at 770.

When the Commission promulgated the subsection B enhancement several years later, it stated in the background commentary that this enhancement "implements the instruction to the Commission in Section 2507...." In dicta in *Lauer,* the Seventh Circuit stated that this sentence was "inaccurate," because former Note 14 "plainly does not" merely *implement* Congress' instruction in § 2507 of the Crime Control Act. *Id.* at 769. *Lauer* considered but did not answer the question whether the subsection B enhancement "rests on a misreading of [the Crime Control Act]." *Id.* The court offered two possible interpretations in light of the background commentary. First, the court stated:

> If the Commission misread section 2507, overlooking the fact that the term "financial institution" is limited to those institutions listed in 18 U.S.C. § 20 and so does not include pension funds, then Application Note 14 is not a statement of enforcement policy within the Commission's discretion but merely an incompetent statutory interpretation, and as such it would not provide a reasoned basis for enhancing [the defendant's] punishment. [*Id.*].

The court's second interpretation of whether former Note 14 applies to the subsection B enhancement was that the Commission "doubtless thought that it was, as before [with the subsection A enhancement], legislating a broader prohibition than Congress's, though it did not repeat 'in a broader form' and instead used a form of words indicative of interpretation rather than legislation." *Id.* at 770.

Ultimately, the *Lauer* court declined to decide whether the Commission knew that it was legislating a broader prohibition than Congress's, or whether it was merely engaged in "incompetent statutory interpretation" when, for the purposes of the subsection B enhancement, it expanded

---

1. In the 1998 amendments to the guideline, Application Note 14 was renumbered Application Note 15. Because the bulk of the cases that discuss this application note were decided before the amendment, for clarity's sake the court will refer to the application note as "former Note 14."

the Crime Control Act's definition of "financial institution" by means of former Note 14. This court must therefore determine which of *Lauer*'s two possible readings of the subsection B enhancement's ambiguous background commentary is more plausible.

The court agrees with the government that Seventh Circuit caselaw suggests that the Commission has the authority to legislate a broader definition of financial institution than that in the Crime Control Act. *See, e.g., Lauer*, 148 F.3d at 770; *United States v. Damerville*, 27 F.3d 254, 257 (7th Cir.), cert. denied, 513 U.S. 972, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994) (upholding the Commission's power to expand upon Congress's directive by adding two new offenses to Congress's list of career offender qualifiers in Guideline § 4B1.1) ("[The enabling statute] provides the minimum obligation of the Commission and does not prohibit the inclusion of additional offenses that qualify for such treatment.").

*Lauer* was an appeal from Judge Coar's holding that the Commission had exceeded its authority in enacting both the subsection A and B enhancements. *United States v. Lauer*, 1997 WL 557568 (N.D.Ill. Sept.3, 1997). Judge Coar held with respect to the subsection A enhancement that because FIRREA authorizes increased penalties for acts that jeopardize "federally insured financial institution[s]," the Commission "exceeded the bounds of [its] statutory mandate" by stating in Note 14 that 2F1.1(b)(6) applied to all manner of "financial institution," not just federally insured financial institutions. *Id.* at *1; *see also United States v. Catalfo*, 1994 WL 282938, at *3 (N.D.Ill. June 21, 1994) ("The Commission went beyond the statutory mandate by not limiting the application of subsection (b)(6) to federally insured financial institutions."). The Seventh Circuit vacated the judgment, holding that the Commission had the power to legislate a broader definition of financial institution than that in FIRREA. *Lauer*, 148 F.3d at 770.

The Seventh Circuit's opinion in *Lauer* appears to give the Commission the discretion to legislate more expansive definitions than those used by Congress. *Lauer* also suggests, however, that it would be unfair to apply the subsection B enhancement for defrauding a pension fund if the Commission was not aware when it promulgated the enhancement that the definition of financial institution in the Crime Control Act did not include pension funds. *See id.* at 769. The only question that remains, therefore, is whether the Commission was aware when it promulgated the subsection B enhancement that the Crime Control Act's definition of financial institution was not as broad as the definition of financial institution in former Note 14. Nothing in the commentary to the Guideline suggests that the Commission was aware of this discrepancy, or was attempting to legislate a different definition. In fact, the Commission's statement that it was merely *implementing* Congress's directive in the Crime Control Act suggests that the Commission was not aware of the discrepancy between the statute and the application note.

Because it is not clear that the Commission knew it was legislating when it tacitly included pension funds in the definition of financial institution for the purposes of the subsection B enhancement, the court holds that former Application Note 14 does not provide a reasoned basis for enhancing defendant's punishment. *See Lauer*, 148 F.3d at 769 (explaining that if "Application Note 14 is not a statement of enforcement policy within the Commission's discretion . . ., it would not provide a reasoned basis for enhancing [the defendant's] punishment"). The court declines to apply the recommended four-level enhancement under 2F1.1(b)(7)(B).

Therefore, defendant's total offense level is 18. Defendant's criminal history category is I. This translates to a sentencing range of 27 to 33 months of incarceration. For the reasons set forth on the record at the sentencing hearing, the court sen-

tences defendant to a term of 31 months, along with a three year period of supervised release, 300 hours of community service as directed by the probation officer, and restitution in the amount of $835,-135.94. Defendant shall also pay the mandatory $50 special assessment.